■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURT GASKIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered March 31, 1989, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

Two police officers testified at trial that, while on foot patrol, they observed the outline of a gun handle in the waistband of the defendant, who was at the time sitting on a bicycle outside 2025 Regent Place in Brooklyn. The officers further testified that they approached the defendant, seized from him what proved to be a gun of the standard type issued to police, and placed him under arrest. The officers maintained that they had never seen the defendant before.

The defendant's defense was that he was framed. Although his attorney elicited that police officers had been at 2025 Regent Place earlier in the day, he was precluded from cross-examining them about the reason for the earlier visit or what occurred during the visit. Moreover, the defendant was pre-

cluded from presenting a witness who, according to an offer of proof, would have testified that, three hours before they arrested the defendant, the police pushed their way into his apartment at 2025 Regent Place, that they searched it without result, and that one of the officers implied he would plant a gun on the defendant. The defendant, who had otherwise indicated he would not testify on his own behalf, thereafter took the stand and was ultimately permitted to testify as to the earlier incident.

We conclude that the trial court, which viewed evidence about any incidents prior to the defendant's arrest as merely collateral, committed error in restricting the cross-examination of the police and in refusing to allow the defendant's witness to testify. Proof tending to establish a witness's hostility or reason to fabricate is never collateral *(see, People v Hudy,* 73 NY2d 40, 56). Since testimony that the police had earlier searched the defendant's apartment raised the possibility that the officers were hostile to him or had a motive to lie, the defendant was not bound by their denials that they saw him earlier and he should have been permitted to present his witness. Moreover, he should have in any event been permitted further inquiry on cross-examination of the police *(see,* Richardson, Evidence § 491, at 477 [Prince 10th ed]; *cf., People v Pavao,* 59 NY2d 282; *People v Angrum,* 137 AD2d 539). Since the evidence against the defendant was not overwhelming, these errors cannot be deemed harmless and a new trial is required. Finally, although the defendant made no objection at trial to the verdict sheet, we note that it improperly contained some of the elements of the crime of third degree criminal possession of a weapon *(see, e.g., People v Nimmons,* 72 NY2d 830), an error which should not be repeated at the retrial. Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.