■ In the Matter of DONELL S. and Another. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONELL S., Appellant, et al., Respondent. [900 NYS2d 217]—

Appeal from an order of the Family Court, Onondaga County (Martha E. Mulroy, J.), entered November 24, 2008 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, adjudged that respondent Donell S. had neglected the subject children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order that adjudicated respondents' child and the older child of respondent mother to be neglected children. We reject the contention of the father that he is not a person legally responsible for the care of the mother's older child (*see generally* Family Ct Act § 1012 [g]). Family Court found the father to be less credible than petitioner's witnesses with respect to the issues of where and with whom he was living during the relevant time period, and the court's credibility determinations are entitled to deference (*see*

*Matter of Daniel R. [Lucille R.]*, 70 AD3d 839 [2010]; *Matter of Jesse XX. [Marilyn ZZ.]*, 69 AD3d 1240, 1243 [2010]; *Matter of Shalyse WW.*, 63 AD3d 1193, 1196 [2009], *lv denied* 13 NY3d 704 [2009]). Significantly, petitioner's witnesses established that the father and the mother were living together as a family during that time, and we thus conclude that the father acted as the functional equivalent of a parent with respect to the mother's older child, rendering him a person legally responsible for that child's care (*see Matter of Yolanda D.*, 88 NY2d 790, 795-796 [1996]; *Matter of Jamaal NN.*, 61 AD3d 1056, 1057 [2009], *lv denied* 12 NY3d 711 [2009]; *Matter of Rebecca X.*, 18 AD3d 896, 898 [2005], *lv denied* 5 NY3d 707 [2005]).

We reject the further contention of the father that the evidence does not support the court's determination that he neglected respondents' child. The court based that determination on its finding that the father was aware of the mother's alcohol and/or substance abuse but allowed the mother to care for the child overnight. A finding of neglect is warranted where an individual legally responsible for the care of a child permits that child to be cared for by individuals known to be unsuitable caregivers (*see generally Matter of Lashina P.*, 52 AD3d 293 [2008]; *Matter of James C.*, 47 AD3d 712 [2008]; *Matter of Angelina W.*, 43 AD3d 1370 [2007]). Here, the mother and respondents' child tested positively for cocaine at the time of the child's birth and the mother's explanation to the father with respect to those test results was not credible. In addition, the father was present during an incident prior to the date on which he allowed the mother to care for the child overnight, in which another individual attempted to deliver marihuana to respondents' residence.

Even assuming, arguendo, that we agree with the father that the court did not adequately state the grounds for its determination, we conclude that the error is harmless because the determination is " 'amply support[ed]' " by the record (*Matter of Latifah C.*, 34 AD3d 798, 799 [2006]; *see Matter of Amber VV.*, 19 AD3d 767, 768-769 [2005]; *Matter of Aishia O.*, 284 AD2d 581, 584 [2001]). Finally, the father failed to preserve for our review his contention that he was punished for exercising his right to a fact-finding hearing rather than accepting an adjournment in contemplation of dismissal (*see generally Matter of Ashley L.C. [James L.C.]*, 68 AD3d 1742 [2009]; *Matter of Vanessa S.*, 20 AD3d 924 [2005]). Present—Scudder, P.J., Martoche, Fahey, Green and Gorski, JJ.