# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**128**
**CAF 11-00271**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF CLAUDINA E.P.
--------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

                                                   MEMORANDUM AND ORDER

STEPHANIE M., RESPONDENT-APPELLANT,
AND JOHNNY N., RESPONDENT.
(APPEAL NO. 1.)

---

ALAN BIRNHOLZ, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR CLAUDINA
E.P.

---

Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered January 26, 2011 in a proceeding pursuant to
Family Court Act article 10. The order, among other things, placed
respondent Stephanie M. under the supervision of petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent mother appeals from three orders, each of
which adjudicated one of her three children to be neglected and placed
the mother under the supervision of petitioner. The findings of
neglect were based on, inter alia, the mother's violation of an order
of protection requiring respondent father to stay away from the mother
and her home and prohibiting him from visiting the children unless a
court order was entered authorizing such visitation. We reject the
contention of the mother in each appeal that the evidence at the fact-
finding hearing was insufficient to support the adjudications of
neglect (*see generally* Family Ct Act § 1051 [a]). The record
establishes that the mother left at least one of the subject children
at her home in the care of the father, despite her awareness of his
violent tendencies and in knowing violation of the order of
protection. We therefore conclude "that there is a sound and
substantial basis to support Family Court's finding that the child[ren
were] in imminent danger of impairment as a result of [the mother's]
failure to exercise a minimum degree of care" (*Matter of Paul U.*, 12
AD3d 969, 971; *see* § 1012 [f] [i]; *Matter of Angelina W.*, 43 AD3d

1370).

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court