■ In the Matter of ALANNA S. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; REGINA A. et al., Respondents. (Proceeding No. 1.) In the Matter of ALISSA A. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; REGINA A. et al., Respondents. (Proceeding No. 2.) In the Matter of ASHANTI A. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; REGINA A. et al., Respondents. (Proceeding No. 3.) In the Matter of ASHLEY A. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; REGINA A. et al., Respondents. (Proceeding No. 4.) In the Matter of JUSTIN N. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; REGINA A. et al., Respondents. (Proceeding No. 5.) In the Matter of PATRICK M. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; REGINA A. et al., Respondents. (Proceeding No. 6.) [939 NYS2d 476]—

The petitioner showed by a preponderance of the evidence that the respondent Christopher S. neglected the child Alissa A. by inflicting excessive corporal punishment on her, specifically by hitting her with a broom, which injured and scarred her leg, and by pinching Alissa A. on her back hard enough to leave a raised mark (*see Matter of Rachel H.*, 60 AD3d 1060, 1061 [2009]; *Matter of Aaliyah Q.*, 55 AD3d 969, 970 [2008]). The petitioner also showed by a preponderance of the evidence that the respondent mother, Regina A., neglected all of the subject children because she knew or should have known that Christopher S., who was frequently in the children's presence as their babysitter, verbally abused her in the presence of the children and inflicted excessive corporal punishment on Alissa A., and because she failed to prevent further contact between Christopher S. and Alissa A. once she became or should have become aware that Christopher S. had inflicted excessive corporal punishment on Alissa A. (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Aliciya R.*, 56 AD3d 784 [2008]; *Matter of Cantina B.*, 26 AD3d 327, 328 [2006]; *Matter of Kanika M.*, 270 AD2d 490 [2000]; *Matter of Maxwell B.*, 269 AD2d 444, 445 [2000]; *Matter of Commissioner of Social Servs. of City of N.Y. v Edyth W.*, 210 AD2d 328, 329 [1994]). Moreover, in light of the mother's failure to exercise a minimum degree of care in providing Alissa A. with proper supervision or guardianship, the petitioner also proved by a preponderance of the evidence that the mother derivatively neglected all of the subject children, who were also frequently in the presence of Christopher S. (*see Matter of Aliciya R.*, 56 AD3d 784 [2008]; *Matter of Jose I.*, 13 AD3d 446, 447 [2004]; *Matter of Amanda RR.*, 293 AD2d 779, 781 [2002]).

Accordingly, we reverse the order of fact-finding and disposition, reinstate the petition, and remit the matter to the Family Court, Richmond County, for a dispositional hearing, and a new

disposition thereafter. Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.