# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1317**

**CAF 12-02086**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF GADA B.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

CARLOS B., RESPONDENT,
AND VIANEZ V., RESPONDENT-APPELLANT.

---

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered October 15, 2012 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Vianez V. had neglected the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, respondent mother appeals from an order in which Family Court found that she neglected the subject child. We note at the outset that it appears that the mother surrendered her parental rights to the subject child during a subsequent court appearance. Assuming, arguendo, that this appeal is not moot because "the finding of neglect constitutes a permanent and significant stigma that might indirectly affect the mother's status in future proceedings" (*Matter of Jamiar W.*, 84 AD3d 1386, 1386-1387; *cf. Matter of Simeon F.*, 58 AD3d 1081, 1081-1082, *lv denied* 12 NY3d 709), we affirm. In this neglect proceeding, petitioner's burden was to "demonstrate by a preponderance of the evidence 'first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship' " (*Matter of Ilona H. [Elton H.]*, 93 AD3d 1165, 1166, quoting *Nicholson v Scoppetta*, 3 NY3d 357, 368; *see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The court's "findings of fact are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter*

*of Kaleb U. [Heather V.—Ryan U.]*, 77 AD3d 1097, 1098; *see Matter of Arianna M. [Brian M.]*, 105 AD3d 1401, 1401, *lv denied* 21 NY3d 862). Here, based upon the evidence presented by petitioner, combined with the adverse inference that the court properly drew based upon the mother's failure to testify (*see Matter of Christine II.*, 13 AD3d 922, 923), we conclude that there is a sound and substantial basis to support the court's finding that "the child was in imminent danger of impairment as a result of [the mother's] failure to exercise a minimum degree of care" (*Matter of Paul U.*, 12 AD3d 969, 971; *see Matter of Claudina E.P. [Stephanie M.]*, 91 AD3d 1324, 1324; *see generally Nicholson*, 3 NY3d at 368-370).

Finally, "[e]ven assuming, arguendo, that we agree with the [mother] that the court did not adequately state the grounds for its determination, we conclude that the error is harmless because the determination is amply support[ed] by the record" (*Matter of Donell S. [Donell S.]*, 72 AD3d 1611, 1612, *lv denied* 15 NY3d 705 [internal quotation marks omitted]).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court