In the Matter of GRAYSON J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHARON H., Appellant. (Proceeding No. 1.) In the Matter of JONELL H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHARON H., Appellant. (Proceeding No. 2.) [989 NYS2d 95]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Danoff, J.), dated November 2, 2012, which, after a fact-finding hearing, found that she neglected the child Jonell H. and derivatively neglected the child Grayson J., (2) an order of disposition of the same court dated December 4, 2012, which, upon the fact-finding order, and after a dispositional hearing, released the child Grayson J. to her custody without supervision, (3) an order of disposition of the same court (Mulroy, J.) dated March 7, 2013, which, upon the fact-finding order, and after the dispositional hearing, placed the child Jonell H. in the custody of the

Commissioner of Social Services of Kings County through the completion of the next permanency hearing to be held on August 14, 2013, and (4) a permanency hearing order of the same court (Mulroy, J.), also dated March 7, 2013, which also placed the child Jonell H. in the custody of the Commissioner of Social Services of Kings County until the completion of the next permanency hearing.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated December 4, 2012, insofar as it pertains to the child Grayson J., and was superseded by the order of disposition dated March 7, 2013, insofar as it pertains to the child Jonell H., and the order of fact-finding is brought up for review on the appeals from the orders of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition dated December 4, 2012, as released the child Grayson J. to the custody of the mother without supervision is dismissed, without costs or disbursements, as the mother is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the appeal from so much of the order of disposition dated March 7, 2013, as placed the child Jonell H. in the custody of the Commissioner of Social Services of Kings County through the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from the permanency hearing order dated March 7, 2013, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the orders of disposition are reversed insofar as reviewed, on the law, without costs or disbursements, the order of fact-finding is vacated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

The appeal from so much of the order of disposition dated March 7, 2013, as placed the child Jonell H. in the custody of the Commissioner of Social Services of Kings County through the completion of the next permanency hearing must be dismissed as academic, as that part of the order has already expired (see Matter of Diamonte O. [Tiffany R.], 116 AD3d 866 [2014]; Matter of Alexandria M. [Mattie M.], 108 AD3d 548, 548-549 [2013]; Matter of Najad D. [Kiswana M.], 99 AD3d 707 [2012]). For the same reason, the appeal from the permanency hearing order also must be dismissed. The appeal from the portion of the order of disposition dated March 7, 2013, which

brings up for review the finding that the mother neglected Jonell H. is not academic, however, since the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (*see Matter of Diamonte O. [Tiffany R.]*, 116 AD3d 866 [2014]; *Matter of Eunice D. [James F.D.]*, 111 AD3d 627, 628 [2013]).

The petitions alleged that the mother neglected Jonell H. by beating her with a belt on April 16, 2010, and that the mother derivatively neglected the child Grayson J.

At the fact-finding hearing, the Family Court erred in excluding from evidence Investigation Progress notes dated April 18, 2010, indicating that a police officer had informed a caseworker that the officer had visited Jonell H. shortly after the alleged neglect took place and observed that the bruises on her right arm were "not serious" and that "[t]here [are] not other visible bruises/marks observed" on her. These notes were admissible under the business records exception to the hearsay rule since the caseworker was under a duty to maintain a comprehensive case record for Jonell H., and the officer had a duty to report his or her observations of her condition (*see Matter of Leon RR*, 48 NY2d 117, 122-123 [1979]; *Matter of Imani O. [Marcus O.]*, 91 AD3d 466, 467 [2012]).

The Family Court also erred in precluding the mother from calling four particular witnesses to testify. Those witnesses would have given testimony pertaining to Jonell H.'s motivation to lie. Extrinsic proof tending to establish a reason to fabricate is never collateral and may not be excluded on that ground (*see People v Hudy*, 73 NY2d 40, 56 [1988], *abrogated on other grounds by Carmell v Texas*, 529 US 513 [2000]; *People v Gomez*, 79 AD3d 1065, 1067 [2010]; *People v Ocampo*, 28 AD3d 684 [2006]; *People v Gaskin*, 170 AD2d 458 [1991]). Similarly, the court should not have excluded from evidence Family Service Progress notes containing statements by Jonell H.'s foster parents relevant to her motivation to lie. Foster parents are "employees who [are] under a business duty to timely record and report all matters concerning the physical, mental, and emotional conditions of the children in their care to the foster care agency" (*Matter of Department of Social Servs. v Waleska M.*, 195 AD2d 507, 510 [1993]).

Under the circumstances of this case, the aforementioned errors deprived the mother of her right to present a defense and her right to a fair fact-finding hearing. Accordingly, a new fact-finding hearing is warranted (*see Matter of Jaiden J. [Cleveland J.]*, 98 AD3d 667, 668 [2012]; *Matter of Jacqulin M.*, 83 AD3d 844 [2011]).

"While there is no absolute right to have the alleged victim of abuse testify in an article 10 proceeding, . . . a balancing of the respective interests [may] weigh[ ] in favor" of allowing such testimony (*Matter of Tamara G.*, 295 AD2d 194, 200 [2002]). Thus, at the new fact-finding hearing, the Family Court should not summarily deny an application for Jonell H. to testify.

The mother's remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Chambers, Hall and Maltese, JJ., concur.