# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**150**

**CAF 14-01530**

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF TRINITY E.
-----------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

CHRISTIE J.C., RESPONDENT,
AND ROBERT E., RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM G. PIXLEY OF COUNSEL), FOR RESPONDENT-APPELLANT.

MERIDETH SMITH, COUNTY ATTORNEY, ROCHESTER (CAROL EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

PAUL B. WATKINS, ATTORNEY FOR THE CHILD, FAIRPORT.

---

Appeal from an order of the Family Court, Monroe County (Patricia E. Gallaher, J.), entered July 7, 2014 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Robert E. had neglected the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, respondent father appeals from an order finding that he neglected his daughter. We reject the father's contention that Family Court erred in basing its finding of neglect on matters not contained in the petition, i.e., on the subject child's failure to thrive while in the father's care. The record establishes that the court based its finding of neglect on the allegations in the petition, and only noted in a footnote that the child had failed to thrive.

We also reject the father's contention that the court's finding of neglect is not supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). Pursuant to Family Court Act § 1012 (f) (i) (B), "there must be 'proof of actual (or imminent danger of) physical, emotional or mental impairment to the child' . . . In order for danger to be 'imminent,' it must be 'near or impending, not merely possible' . . . Further, there must be a 'causal connection between the basis for the neglect petition and the circumstances that allegedly produce the . . . imminent danger of impairment' " (*Matter of Afton C. [James C.]*, 17 NY3d 1, 9). Here, the court properly concluded that the subject child was in imminent danger of physical,

emotional or mental impairment based on the father's long-standing history of mental illness and his failure to obtain treatment for it (*see Matter of Alexis H. [Jennifer T.]*, 90 AD3d 1679, 1680, *lv denied* 18 NY3d 810; *cf. Matter of Lacey-Sophia T.-R. [Ariela (T.)W.]*, 125 AD3d 1442, 1445), and his failure to seek treatment for substance abuse issues (*see Matter of Alim Lishen Laquan R.*, 63 AD3d 947, 947-948).  The court also found that the father had permitted the child to be cared for by respondent mother, whom the father knew to be an unsuitable caregiver (*see Matter of Claudina E.P. [Stephanie M.]*, 91 AD3d 1324, 1324; *Matter of Donell S. [Donell S.]*, 72 AD3d 1611, 1612, *lv denied* 15 NY3d 705).  Finally, "[t]he exposure of the child to domestic violence between the parents may form the basis for a finding of neglect" (*Matter of Michael G.*, 300 AD2d 1144, 1144), and thus we reject the father's contention that the court erred in relying upon an incident of domestic violence committed by the father as an additional ground for its finding of neglect (*see generally Nicholson v Scoppetta*, 3 NY3d 357, 375).

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court