█ In the Matter of DIOR Z.J., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DIOR J., SR., Appellant. [30 NYS3d 851]—

Appeals from (1) an order of fact-finding of the Family Court, Queens County (Carol Ann Stokinger, J.), dated January 23,

2015, (2) an order of disposition of that court dated February 11, 2015, and (3) a permanency hearing order of that court, also dated February 11, 2015. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child. The order of disposition, upon the fact-finding order and after a dispositional hearing, placed the subject child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing. The permanency hearing order also placed the subject child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeals from the permanency hearing order and so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing are dismissed as academic, without costs or disbursements, as the period of placement has expired (see Matter of Amina I.J. [Chantilly J.], 134 AD3d 938, 939 [2015]; Matter of Grayson J. [Sharon H.], 119 AD3d 575, 575 [2014]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

In December 2013, the petitioner commenced this child protective proceeding pursuant to Family Court Act article 10 against the father. In an amended petition, the petitioner alleged that the father neglected the subject child by leaving the child with the mother in violation of an order of protection that directed the mother to stay away from the child, and by subsequently failing to maintain contact with the child or the foster care agency for several months. After a fact-finding hearing, the Family Court, in an order of fact-finding dated January 23, 2015, found that the father neglected the subject child. Subsequently, in an order of disposition and a permanency hearing order, both dated February 11, 2015, the Family Court placed the subject child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing.

Contrary to the contention of the father and the attorney for the child, the Family Court did not improvidently exercise its discretion in, sua sponte, permitting the petitioner to reopen its case to present additional testimony from a caseworker at

the fact-finding hearing (*see MRI Enters., Inc. v Comprehensive Med. Care of N.Y., P.C.*, 122 AD3d 595, 596 [2014]; *Sweet v Rios*, 113 AD3d 750, 752 [2014]; *Matter of Dutchess County Dept. of Social Servs. v Shirley U.*, 266 AD2d 459, 459-460 [1999]; *see also People v Johnson*, 82 AD3d 415, 415 [2011]; *People v Medina*, 284 AD2d 122, 122 [2001]).

Moreover, the Family Court properly determined that the petitioner established the father's neglect by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]) based on the evidence adduced at the fact-finding hearing and the adverse inference that the Family Court correctly drew based upon the father's failure to testify (*see Matter of Honesti H. [Ted H.]*, 126 AD3d 972, 973 [2015]; *Matter of Gada B. [Vianez V.]*, 112 AD3d 1368, 1369 [2013]). The evidence demonstrated that the father's inadequate supervision created an imminent risk of harm to the child when he left the child with the mother, despite his awareness of the mother's violent tendencies and her history of untreated mental illness and in knowing violation of an order of protection (*see Matter of Charisma D. [Sandra R.]*, 115 AD3d 441, 441 [2014]; *Matter of Claudina E.P. [Stephanie M.]*, 91 AD3d 1324, 1324 [2012]; *Matter of Devontay M.*, 56 AD3d 561, 562 [2008]; *Matter of Lashina P.*, 52 AD3d 293, 294 [2008]). Additionally, after the child was removed from the father's custody and placed in foster care, the father failed to provide the foster care agency with current contact information and failed to communicate with the child for a substantial period of time (*see Matter of Charisma D. [Sandra R.]*, 115 AD3d at 441; *Matter of Cody P.*, 227 AD2d 724, 725 [1996]; *see also Matter of Amondie T. [Karen S.]*, 107 AD3d 498, 499 [2013]). Chambers, J.P., Dickerson, Hinds-Radix and Connolly, JJ., concur.