Matter of Z'naya D. J. (Vanessa J.) (2016 NY Slip Op 05565)





Matter of Z'naya D. J. (Vanessa J.)


2016 NY Slip Op 05565


Decided on July 20, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 20, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2015-06614
 (Docket No. N-28605-12)

[*1]In the Matter of Z'naya D. J. (Anonymous). Administration for Children's Services, petitioner-respondent; 
and
Vanessa J. (Anonymous), appellant, et al., respondent.


Francine Shraga, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Pamela Seider Dolgow and Julie Steiner of counsel), for petitioner-respondent.
Karen P. Simmons, Brooklyn, NY (Barbara H. Dildine and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated June 22, 2015. The order, after a combined permanency and dispositional hearing, placed the subject child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing. The appeal brings up for review so much of an order of fact-finding of that court dated November 7, 2014, as found that the mother neglected the subject child.
ORDERED that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements, as the period of placement has expired (see Matter of Dior Z.J. [Dior J.], 139 AD3d 1065; Matter of Amina I.J. [Chantilly J.], 134 AD3d 938; Matter of Grayson J. [Sharon H.], 119 AD3d 575); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In October 2012, the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected her seven-year-old daughter Z'naya by inflicting or allowing the infliction of excessive corporal punishment on the child, and by engaging in verbally abusive behavior. After fact-finding and dispositional hearings, the Family Court determined that the mother neglected Z'naya and placed the child in the custody of the Commissioner of Social Services until the next permanency hearing. 
The appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing must be dismissed as academic, as the period of placement has expired (see Matter of Dior Z.J. [*2][Dior J.], 139 AD3d 1065; Matter of Amina I.J. [Chantilly J.], 134 AD3d 938; Matter of Grayson J. [Sharon H.], 119 AD3d 575). However, the appeal from so much of the order of disposition as brings up for review the finding that the mother neglected the child is not academic, since the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (see Matter of Grayson J. [Sharon H.], 119 AD3d 575; Matter of Diamonte O. [Tiffany R.], 116 AD3d 866; Matter of Eunice D. [James F.D.], 111 AD3d 627, 628).
To establish neglect, the petitioner must prove, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caregiver to exercise a minimum degree of care in providing the child with proper supervision and guardianship (see Nicholson v Scoppetta, 3 NY3d 357, 368; see also Family Ct. Act § 1046[b][1]). Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect (see Matter of Hayden C. [Tafari C.], 130 AD3d 924; Matter of Luis N.P. [Alquiber R.], 127 AD3d 1201). 
Contrary to the mother's contention, the finding that she neglected Z'naya was supported by a preponderance of the evidence, including Z'naya's out-of-court statements, which were cross-corroborated by the statements of Z'naya's younger sister, and the caseworker's observations of the mother berating the child and engaging in verbally abusive behavior (see Matter of Luis N.P. [Alquiber R.], 127 AD3d at 1202; Matter of Cheryale B. [Michelle B.], 121AD3d 976, 977; Matter of Laequise P. [Brian C.], 119 AD3d 801, 802; Matter of Alanna S. [Regina A.], 92 AD3d 787, 788). 
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court