Appeal from an order of fact-finding of the Family Court, Kings County (llana Gruebel, J.), dated November 7, 2014. The order, after a fact-finding hearing, found that the mother neglected the children Z’naya D.J. and Knigi L.M., and *653 derivatively neglected the children Naziya I.L. and Mack D.L., and denied the mother’s application pursuant to Family Court Act § 1028 for the return of the child Z’naya D.J. to her custody.
Ordered that the appeal from so much of the order as found that the mother neglected the child Z’naya D.J. is dismissed, without costs or disbursements, as that portion of the order was superseded by an order of disposition dated June 22, 2015, and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the appeal from so much of the order as denied the mother’s application pursuant to Family Court Act § 1028 for the return of the child Z’naya D.J. to her custody is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.
In October 2012, the petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected her five-year-old daughter Knigi by inflicting or allowing the infliction of excessive corporal punishment on Knigi, and by engaging in verbally abusive behavior toward Knigi. The petitioner further alleged that as a result of the neglect of Knigi and an older sibling, Z’naya, the children Naziya and Mack were derivatively neglected. After fact-finding and dispositional hearings, the Family Court determined that the mother neglected Knigi and derivatively neglected Naziya and Mack.
The appeal from so much of the order of fact-finding as found that the mother neglected the child Z’naya must be dismissed, as that portion of the order was superseded by an order of disposition dated June 22, 2015, and is brought up for review on the appeal from the order of disposition (see Matter of Z’naya D.J. [Vanessa J.], 141 AD3d 651 [2016] [decided herewith]). The appeal from so much of the order of fact-finding as denied the mother’s application pursuant to Family Court Act § 1028 for the return of the child Z’naya to her custody also must be dismissed, as it has been rendered academic in light of the court’s finding of neglect and the subsequent order of disposition dated June 22, 2015 (see Matter of Donavin G.H. [Diane G.], 138 AD3d 992 [2016]; Matter of Kleevuort C. [Fredlyn V.], 84 AD3d 1371, 1371-1372 [2011]; Matter of Araynnah B. [Moshammett R.], 71 AD3d 881 [2010]).
To establish neglect, the petitioner must prove, by a preponderance of the evidence, (1) that the child’s physical, mental, or emotional condition has been impaired or is in imminent *654 danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caregiver to exercise a minimum degree of care in providing the child with proper supervision and guardianship (see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see also Family Ct Act § 1046 [b] [1]). Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child’s welfare, the use of excessive corporal punishment constitutes neglect (see Matter of Hayden C. [Tafari C.], 130 AD3d 924 [2015]; Matter of Luis N.P. [Alquiber R.], 127AD3d 1201 [2015]).
Contrary to the mother’s contention, the finding that she neglected Knigi was supported by a preponderance of the evidence, including Knigi’s out-of-court statements regarding an incident in which the mother’s boyfriend punched Knigi in the stomach, which were cross-corroborated by the statements of her older sister Z’naya, and by the caseworker’s observations of the mother berating Knigi and engaging in verbally abusive behavior (see Matter of Luis N.P. [Alquiber R.], 127 AD3d at 1202; Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977 [2014]; Matter of Laequise P. [Brian C.], 119 AD3d 801, 802 [2014]; Matter of Alanna S. [Regina A.], 92 AD3d 787, 788 [2012]). The evidence also supported the finding of derivative neglect as to Naziya and Mack (see Family Ct Act § 1046 [a] [i]; Matter of Hayden C. [Tafari C.], 130 AD3d 924 [2015]; Matter of Luis N.P. [Alquiber R.], 127 AD3d at 1202-1203).
Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.