In the Matter of JUSTIN P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAMIEN P., Appellant. [48 NYS3d 773]—

Appeals by the father from (1) an order of fact-finding of the Family Court, Kings County (Barbara Salinitro, J.), dated October 8, 2015, and (2) an order of disposition of the same court (Erik S. Pitchal, J.), dated December 16, 2015. The order of fact-finding, upon a decision of the same court (Barbara Salinitro, J.) dated October 7, 2015, made after a fact-finding hearing, found that the father neglected the subject child. The order of disposition placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is reversed insofar as reviewed, on the facts, without costs or disbursements, the order of fact-finding is vacated, the petition is denied, and the proceeding is dismissed.

The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected his son (hereinafter the child) by failing to supply him with adequate food. After a fact-finding hearing, the Family Court found that the father neglected the child by failing to supply him with adequate food. An order of disposition was subsequently issued. The father appeals.

The appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing must be dismissed as academic, as that portion of the order has expired (*see Matter of Grayson J.*

*[Sharon H.]*, 119 AD3d 575, 576 [2014]; *Matter of Diamonte O. [Tiffany R.]*, 116 AD3d 866 [2014]). However, the appeal from the portion of the order of disposition which brings up for review the finding that the father neglected the child is not academic, since the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the father's status in future proceedings (*see Matter of Grayson J.*, 119 AD3d at 576; *Matter of Diamonte O.*, 116 AD3d at 867).

The Family Court's finding that the child was neglected by the father's failure to exercise a minimum degree of care in supplying him with adequate food was not supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [A]; 1046 [b] [i]). The record demonstrates that the father and the child were living with relatives during the relevant time period, and that the child was provided with meals by a family member when the father was working (*see Matter of Jovann B.*, 153 AD2d 858 [1989]). Moreover, the child, who was 12 years old, was given access to the food in the kitchen of the residence where he and the father were living. Under these circumstances, the petitioner failed to establish by a preponderance of the evidence that the child's physical, mental, or. emotional condition had been impaired or was in imminent danger of becoming impaired, as a result of the father's failure to provide him with adequate food (*see* Family Ct Act §§ 1012 [f] [i] [A]; 1046 [b] [i]).

In light of the foregoing, we need not address the father's remaining contention.

Accordingly, the Family Court should have denied the petition and dismissed the proceeding. Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.