■ In the Matter of KYMANI H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KRYSTAL H., Appellant. [57 NYS3d 215]—

Appeal by the mother from an order of fact-finding and disposition of the Family Court, Kings County (Barbara Salinitro, J.), dated February 29, 2016. The order, insofar as appealed from, after a hearing, found that the mother neglected the subject child.

Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected her 16-year-old son by leaving him in the care of an inappropriate caretaker and then refusing to allow the child back into her home. After a fact-finding hearing, the Family Court found that the mother neglected the child.

"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (*Matter of Negus T. [Fayme B.]*, 123 AD3d 836, 836 [2014]; *see Matter of Alexis S.G. [Shanese B.]*, 107 AD3d 799, 799 [2013]). A determination of parental neglect following a fact-finding hearing must be based on a preponderance of the evidence, demonstrating "first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see* Family Ct Act § 1012 [f] [i]; *Matter of Gianna A. [Jashua A.]*, 132 AD3d 855, 855 [2015]; *Matter of Clarissa S.P. [Jaris S.]*, 91 AD3d 785, 785 [2012]).

Here, the petitioner failed to establish, by a preponderance of the evidence, that the mother neglected the child. The record demonstrates that the child voluntarily left the mother's home to live with two individuals who were not biologically related to the child, but who had assumed the roles of the child's father and grandmother since the child was 18 months old (*see Matter of Justin P. [Damien P.]*, 148 AD3d 903, 904 [2017]). While living with these individuals, the child's needs were met and the mother spoke with the child and his caretakers "maybe three or four times" per week. Under these circumstances, the petitioner failed to establish by a preponderance of the evidence that the child's physical, mental, or emotional condition had been impaired or was in imminent danger of becoming impaired (*see* Family Ct Act § 1012 [f] [i]; *Matter of Justin P. [Damien P.]*, 148 AD3d at 903-904; *see also Matter of Joseph A. [Fausat O.]*, 91 AD3d 638, 640 [2012]; *cf. Matter of Caleb C.*, 11 AD3d 737 [2004]).

Accordingly, the Family Court should have denied the petition and dismissed the proceeding. Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.