Matter of Deshawn R. (Duchesne R.) (2018 NY Slip Op 01470)





Matter of Deshawn R. (Duchesne R.)


2018 NY Slip Op 01470


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-03820
 (Docket Nos. N-18952-13, N-18953-13)

[*1]In the Matter of Deshawn R. (Anonymous). Administration for Children's Services, petitioner- respondent; Duchesne R. (Anonymous), appellant, et al., respondents. (Proceeding No. 1)
In the Matter of Duchnah R. (Anonymous). Administration for Children's Services, petitioner- respondent; Duchesne R. (Anonymous), appellant, et al., respondents. (Proceeding No. 2)


Linda Braunsberg, Staten Island, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Elina Druker of counsel), for petitioner-respondent.
Seymour W. James, Jr., New York, NY (Dawne Mitchell and Diane Pazar of counsel), attorney for the child Duchnah R.
Fredericka P. Bashir, Brooklyn, NY, attorney for the child Deshawn R.



DECISION & ORDER
Appeal from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated March 15, 2016. The order of disposition, inter alia, released the child Duchnah R. to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services until May 15, 2016, and continued the placement of the child Deshawn R. in the custody of the Commissioner of the Administration for Children's Services until the completion of the next permanency hearing. The appeal from the order of disposition brings up for review an order of fact-finding of that court dated November 16, 2015, which, after a hearing, found that the father neglected Duchnah R. and derivatively neglected Deshawn R.
ORDERED that the appeal from so much of the order of disposition as released the child Duchnah R. to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services until May 15, 2016, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs [*2]or disbursements.
The appeal from so much of the order of disposition as released Duchnah R. to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services until May 15, 2016, must be dismissed as academic, as that portion of the order has expired (see Matter of Jemima M. [Aura M.], 151 AD3d 862; Matter of Justin P. [Damien P.], 148 AD3d 903). However, the appeal from that portion of the order of disposition which brings up for review the finding that the father neglected Duchnah R. is not academic, since the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the father's status in future proceedings (see Matter of Jemima M. [Aura M.], 151 AD3d 862; Matter of Justin P. [Damien P.], 148 AD3d 903).
The petitioner commenced these related proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the father neglected the child Duchnah R. (hereinafter Duchnah) and derivatively neglected the child Deshawn R. (hereinafter Deshawn). Following a hearing, the Family Court found, among other things, that the father neglected Duchnah and derivatively neglected Deshawn. The father appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Ena S.Y. [Martha R.Y.—Antonio S.], 140 AD3d 778, 780; Matter of Kyra S. [Kirtan D.S.], 128 AD3d 970, 971). In reviewing such a determination, the Family Court's assessment of the credibility of witnesses is entitled to considerable deference (see Matter of Mohammed J. [Mohammed Z.], 121 AD3d 994, 994; Matter of Joseph O., 28 AD3d 562, 563). Based upon our review of the record, the court's determination that the father neglected Duchnah is supported by a preponderance of the evidence (see Matter of Ishaq B. [Lea B.], 121 AD3d 889, 890; Matter of Amerriah S. [Kadiatou Y.], 100 AD3d 1006, 1007; Matter of Jocelyn D. [Maria D.], 100 AD3d 993; Matter of Jonathan W., 17 AD3d 374, 375). Furthermore, the father's neglect of Duchnah demonstrated a fundamental defect in his understanding of his parental duties sufficient to support the finding of derivative neglect with respect to Deshawn (see Family Ct Act § 1046[a][i]; Matter of Ishaq. B. [Lea B], 121 AD3d at 890; Matter of Aliciya R., 56 AD3d 784, 785).
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court