Matter of Nevetia M. (Tiara M.) (2020 NY Slip Op 03515)





Matter of Nevetia M. (Tiara M.)


2020 NY Slip Op 03515


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-02573
 (Docket Nos. N-14316-17, N-14317-17)

[*1]In the Matter of Nevetia M. (Anonymous). Administration for Children's Services, respondent; Tiara M. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Tiajah M. (Anonymous). Administration for Children's Services, respondent; Tiara M. (Anonymous), appellant. (Proceeding No. 2.)


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jonathan Popolow and Scott Shorr of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne Mitchell, Riti P. Singh, and Teresa Kominos of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ben Darvil, Jr., J.), dated March 5, 2019. The order, after a fact-finding and dispositional hearing, found that the mother neglected the child Tiajah M. and derivatively neglected the child Nevetia M., and released the children to the custody of the mother under the supervision of the Administration for Children's Services for a period of six months under certain terms and conditions.
ORDERED that the appeal from so much of the order of fact-finding and disposition as released the children to the custody of the mother under the supervision of the Administration for Children's Services for a period of six months under certain terms and conditions is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is modified, on the law and the facts, by deleting the provision thereof finding that the mother derivatively neglected the child Nevetia M., and substituting therefor a provision denying the petition alleging that the mother neglected the child Nevetia M. and dismissing that proceeding; as so modified, the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services commenced these related proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the mother neglected her then [*2]eight-year-old child (hereinafter the older child) and her then four-month-old child (hereinafter the younger child) by failing to provide the older child with an adequate education. Following a fact-finding and dispositional hearing, in an order of fact-finding and disposition dated March 5, 2019 (hereinafter the March 2019 order), the Family Court found that the mother neglected the older child and derivatively neglected the younger child, and released the children to the mother's custody under the supervision of the Administration for Children's Services for a period of six months under certain terms and conditions. The mother appeals.
The appeal from so much of the March 2019 order as released the children to the mother's custody under the supervision of the Administration for Children's Services for a period of six months under certain terms and conditions must be dismissed as academic, as that portion of the March 2019 order has expired (see Matter of Justin P. [Damien P.], 148 AD3d 903, 903). However, the appeal from so much of the March 2019 order as brings up for review the findings of neglect is not academic, since a finding of neglect constitutes a permanent and significant stigma (see id. at 904).
Educational neglect is established when the petitioner proves by a preponderance of the evidence that a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" due to the parent's failure to exercise a minimum degree of care in providing the child with an adequate education (Family Ct Act § 1012[f][i][A]; see Family Ct Act § 1046[b][i]). Proof of a child's excessive absences is sufficient to establish a prima facie case of educational neglect (see Matter of Joyitha M. [Reshmi M.], 121 AD3d 900, 901; Matter of Khalil M. [Ebony A.], 94 AD3d 1003, 1003).
Here, we agree with the Family Court's determination that the mother neglected the older child by failing to provide an adequate education. The record demonstrates that the older child was absent 48 days and was late 78 other days during the 2016-2017 school year. The record also shows that the older child was reported to be failing and had previously repeated the first grade. Thus, the petitioner met its prima facie burden of establishing educational neglect of the older child by submitting unrebutted evidence of that child's excessive absences and tardiness (see Matter of Joyitha M. [Reshmi M.], 121 AD3d at 901; Matter of Khalil M. [Ebony A.], 94 AD3d at 1003). The mother's excuses for the older child's absences and tardiness did not constitute a reasonable justification for the child's excessive absences and tardiness (see Matter of Kiera N. [Shasha F.], 167 AD3d 620, 621-622; Matter of Jamel N.A. [Nijer S.J.], 161 AD3d 1070, 1070). Moreover, the court drew the strongest negative inference against the mother for her failure to testify (see Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857).
However, under the circumstances of this case, we disagree with the Family Court's determination that proof of the mother's educational neglect of the older child is proof that she derivatively neglected the younger child. "Although Family Court Act § 1046(a)(i) allows evidence of abuse or neglect of one sibling to be considered in determining whether other children in the household were abused or neglected, the statute does not mandate a finding of derivative neglect" (Matter of David P. [Elisa P.], 130 AD3d 739, 740 [internal quotation marks omitted]). Here, there is no likelihood that the educational neglect of the older child, who was eight years old at the time of the proceeding, had any detrimental impact on the younger child, who was four months old at the time of the events in issue. Thus, the preponderance of the evidence did not support a finding that the mother derivatively neglected the younger child, who was not of school age or even close to being so (see Matter of Ricky S. [Lyndell S.], 139 AD3d 959, 961-962).
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court