Matter of Aaliyah A. (Ricky A.) (2025 NY Slip Op 05605)

Matter of Aaliyah A. (Ricky A.)

2025 NY Slip Op 05605

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

729 CAF 24-00387

[*1]IN THE MATTER OF AALIYAH A. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; RICKY A., RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
SHELBY MAROSELLI, BUFFALO, FOR PETITIONER-RESPONDENT. 
KAITLYN G. HOERNER, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered February 26, 2024, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order of fact-finding and disposition that, inter alia, adjudged that he neglected the subject child. We affirm.
Initially, we note that "[t]he fact that the father is not aggrieved by the dispositional portion of the order [because he waived his right to a dispositional hearing and consented to the disposition] does not bar his appeal from that part of the order with respect to the finding of neglect, which followed a fact-finding hearing" (Matter of Jack S. [Franklin O.S.], 173 AD3d 1842, 1842 [4th Dept 2019] [internal quotation marks omitted]; see Matter of John O. [Cassandra P.], 230 AD3d 1385, 1386 [3d Dept 2024]; Matter of Dorika S. [Leopold G.], 225 AD3d 1171, 1171-1172 [4th Dept 2024], lv denied 42 NY3d 906 [2024]).
Contrary to the contention of the father, however, we conclude that the evidence established his neglect of the subject child by a preponderance of the evidence. "In reviewing a determination of neglect, [this Court] must accord great weight and deference to the determination of Family Court, including its drawing of inferences and assessment of credibility, and . . . should not disturb its determination unless clearly unsupported by the record" (Matter of Shaylee R., 13 AD3d 1106, 1106 [4th Dept 2004]; see Matter of Bryan O. [Zabiullah O.], 153 AD3d 1641, 1642 [4th Dept 2017]; Matter of Emily W. [Michael S.—Rebecca S.], 150 AD3d 1707, 1709 [4th Dept 2017]). "[T]he court was entitled to draw the strongest inference [against the father] that the opposing evidence permits based on [his] failure to testify at the fact-finding hearing" (Matter of Baby B.W. [Tracy B.H.], 148 AD3d 1786, 1787-1788 [4th Dept 2017], lv denied 29 NY3d 912 [2017] [internal quotation marks omitted]; see Jack S., 173 AD3d at 1844). Here, the evidence at the hearing established that the father struck the child's mother on at least one occasion while both were near the child, who was medically fragile and born with physical abnormalities, including the development of intestines on the outside of her body. Petitioner thus established by a preponderance of the evidence that the child's "physical, mental or emotional condition . . . [was] in imminent danger of becoming impaired" as a result of the incident of domestic violence between her parents (Nicholson v Scoppetta, 3 NY3d 359, 368 [2004]; see Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]), and that there was a "causal connection between the basis for the neglect petition and the circumstances that allegedly produce[d] the . . . imminent danger of impairment" (Matter of Trinity E. [Robert E.], 137 AD3d 1590, 1591 [4th Dept 2016] [*2][internal quotation marks omitted]; see Matter of Raven B. [Melissa K.N.], 115 AD3d 1276, 1278 [4th Dept 2014]). Further, the evidence established that the father had permitted the child to be cared for by the child's mother, whom the father knew to be an unsuitable caregiver in light of the mother's substance abuse (see Trinity E., 137 AD3d at 1591; Matter of Claudina E.P. [Stephanie M.], 91 AD3d 1324, 1324 [4th Dept 2012]; Matter of Donell S. [Donell S.], 72 AD3d 1611, 1612 [4th Dept 2010], lv denied 15 NY3d 705 [2010]).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court