Matter of Kal-El C. (Carla T.)
2026 NY Slip Op 03960
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Kal-El C. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Carla T. (Anonymous), appellant, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-07763, (Docket No. N-1641-23)
Mark C. Dillon, J.P.
Valerie Brathwaite Nelson
Laurence L. Love
James P. McCormack, JJ.

Daniel L. Pagano, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for petitioner-respondent.
Andrew W. Szczesniak, White Plains, NY, attorney for the child.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated July 16, 2024. The order, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject child by, among other things, failing to provide the child with an adequate education. Following a fact-finding hearing, in an order dated July 16, 2024, the Family Court, inter alia, found that the mother neglected the child. The mother appeals.
Educational neglect is established when the petitioner proves by a preponderance of the evidence that a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" due to the parent's failure to exercise a minimum degree of care in providing the child with an adequate education (Family Ct Act § 1012[f][i][A]; see § 1046[b][i]). "Proof of a child's excessive absences is sufficient to establish a prima facie case of educational neglect" (Matter of Nevetia M. [Tiara M.], 184 AD3d 836, 837-838; see Matter of Joyitha M. [Reshmi M.], 121 AD3d 900, 901; Matter of Khalil M. [Ebony A.], 94 AD3d 1003, 1003).
Contrary to the mother's contention, the Family Court's finding of educational neglect was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][A]; 1046[b][i]). Here, the petitioner established a prima facie case of educational neglect by providing proof of the child's excessive absences during the 2022-2023 school year (see Matter of Nevetia M. [Tiara M.], [*2]184 AD3d at 838; Matter of Joyitha M. [Reshmi M.], 121 AD3d at 901). As a result of the excessive absences, the child was prevented from obtaining the services included in his individualized education program. The mother failed to provide a reasonable justification for the child's excessive absences (see Matter of Kieara N. [Shasha F.], 167 AD3d 620, 621-622).
The mother's remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court