■ In the Matter of ELIORA B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KENNEDY B., Appellant. (Proceeding No. 1.) In the Matter of ELIJAH B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KENNEDY B., Appellant. (Proceeding No. 2.) In the Matter of KENNYA B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KENNEDY B., Appellant. (Proceeding No. 3.) [45 NYS3d 144]—

Appeals by the father from (1) an order of fact-finding of the Family Court, Queens County (Marybeth S. Richroath, J.), dated November 18, 2015, and (2) an order of disposition of that court (Joan L. Piccirillo, J.) dated February 29, 2016. The order of fact-finding, after a hearing, found that the father neglected the child Kennya B. and derivatively neglected the children Eliora B. and Elijah B. The order of disposition, upon the order of fact-finding and after a dispositional hearing, directed the father to participate in individual counseling and to complete anger management and batterers programs, and directed that his visitation with the children be supervised.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as pertains to the child Kennya B. is dismissed as academic, without costs or disbursements, except insofar as it brings up for review so much of the order of fact-finding as

found that the father neglected that child, as that child has since reached the age of majority (*see Matter of Dequaisa M.A. [Tasha W.]*, 119 AD3d 859 [2014]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the father neglected the child Kennya B. by inflicting excessive corporal punishment on her, and derivatively neglected her younger siblings, the children Eliora B. and Elijah B. After fact-finding and dispositional hearings, the Family Court determined that the father had neglected Kennya B. and derivatively neglected Eliora B. and Elijah B., directed the father to participate in individual counseling and to complete anger management and batterers programs, and directed that his visitation with the children be supervised.

Initially, although Kennya B. has reached the age of majority since the entry of the order of disposition, the appeal from so much of the order of disposition as brings up for review the finding that the father neglected her is not academic. The adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the father's status in future proceedings (*see Matter of Agam B. [Janna W.]*, 143 AD3d 702, 703 [2016]; *Matter of Z'naya D.J. [Vanessa J.]*, 141 AD3d 651, 651 [2016]; *Matter of Grayson J. [Sharon H.]*, 119 AD3d 575, 576 [2014]). Furthermore, the Family Court's finding that the father neglected Kennya B. was the basis for its finding that the father derivatively neglected Eliora B. and Elijah B.

"Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (*Matter of Cheryale B. [Michelle B.]*, 121 AD3d 976, 977 [2014]; *see Matter of Luis N.P. [Alquiber R.]*, 127 AD3d 1201 [2015]; *Matter of Laequise P. [Brian C.]*, 119 AD3d 801, 802 [2014]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472 [2013]). Contrary to the father's contention, a single incident of excessive corporal punishment is sufficient to support a finding of neglect (*see Matter of Za'Niya D. [Kenneth R.]*, 133 AD3d 657 [2015]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313 [2012]; *Matter of James S. [Kathleen S.]*, 88 AD3d 1006, 1007 [2011]).

While "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of . . . the respondent" (Family Ct Act § 1046 [a]

[i]; *see Matter of Amber C.*, 38 AD3d 538, 540 [2007]), a finding of abuse or neglect as to one sibling does not mandate a finding of derivative abuse or neglect as to the other siblings (*see Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d 967, 969 [2014]). Instead, " '[t]he focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood' " (*Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d at 969, quoting *Matter of Dutchess County Dept. of Social Servs. v Douglas E.*, 191 AD2d 694 [1993]; *see Matter of Monica C.M. [Arnold A.]*, 107 AD3d 996, 997 [2013]) or " 'demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his or her] care' " (*Matter of Amber C.*, 38 AD3d at 540, quoting *Matter of Dutchess County Dept. of Social Servs. [Noreen K.]*, 242 AD2d 533, 534 [1997]).

Here, the evidence adduced at the fact-finding hearing established that the father became enraged and locked the mother out of the house when she left for the evening without cooking dinner for the subject children, all of whom were teenagers. The father blocked the door and instructed the children not to allow the mother back into the home. When the father discovered that Kennya B., the oldest child, had helped the mother re-enter the house, he struck Kennya B. with a chair, bruising the arm she had raised to protect herself. When Kennya B. tried to stand, the father grabbed her by the throat and threw her down. These facts amply support the Family Court's conclusion that the father neglected Kennya B. by inflicting excessive corporal punishment on her and derivatively neglected the two younger children, as the father's actions demonstrate such an impaired level of parental judgment as to create a substantial risk of harm for any child in his care (*see Matter of Amber C.*, 38 AD3d at 540; *Matter of Dutchess County Dept. of Social Servs. [Noreen K.]*, 242 AD2d at 534).

At a dispositional hearing, the court's disposition must be made "solely on the basis of the best interests of the child," with "no presumption that such interests will be promoted by any particular disposition" (Family Ct Act § 631; *see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Victoria P. [Victor P.]*, 121 AD3d 1006 [2014]; *Matter of Phillips N. [Joy N.]*, 104 AD3d 690, 691 [2013]). "The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect" (*Matter of Phillips N. [Joy N.]*, 104 AD3d at 691

[internal quotation marks omitted]). Here, the evidence supported the conclusion that the father should be required to participate in individual counseling and to complete anger management and batterers programs, and should be permitted only supervised visitation with the children. Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.