Appeal by the mother from an order of fact-finding of the Family Court, Kings County (Lillian Wan, J.), dated February 5, 2016. The order of fact-finding, after a hearing, found that the mother abused the child Antonio C., derivatively abused the child Victoria C., and neglected both children.
 

 Ordered that the order of fact-finding is affirmed, without costs or disbursements.
 

 The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother abused the child Antonio C. by choking him to the point where he felt that he was suffocating and would pass out, and that she thereby derivatively abused the child Victoria C. The petition further alleged that the mother neglected both children by engaging in that conduct, as well as by threatening the children and abusing alcohol. After a fact-finding hearing, the Family Court found that the mother abused Antonio, derivatively abused Victoria, and neglected both children. The mother appeals.
 

 The petitioner in a child protective proceeding has the burden of proving abuse by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Victoria P. [Victor P.], 121 AD3d 1006 [2014]; Matter of Alexis S.G. [Shanese B.], 107 AD3d 799 [2013]). A child’s out-of-court statements may provide the basis for a finding of abuse if the statements are sufficiently corroborated by other evidence tending to support the reliability of the child’s statements (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 118-119 [1987]). The Family Court has considerable discretion in determining whether a child’s out-of-court statements have been sufficiently corroborated (see Matter of Nicole G. [Louis G.], 105 AD3d 956 [2013]). Moreover, a finding of derivative abuse is warranted where the abuse of one child is so closely connected with the care of another child as to indicate that the second child is equally at risk (see Matter of Marino S., 100 NY2d 361, 374 [2003]).
 

 Here, the record supports the Family Court’s determination that the mother abused Antonio. Antonio’s out-of-court statements that the mother choked him to the point where he was suffocating and felt that he would pass out were corroborated by the out-of-court statement of Victoria, who witnessed the incident. The out-of-court statements of Antonio were additionally corroborated by the testimony of the caseworker who testified that she observed a deep, red, thumb-sized bruise on one side of Antonio’s neck and about four or five scratches on the other side of his neck (see Matter of Francini C. [Yasmin P.], 112 AD3d 532 [2013]). Furthermore, the evidence of the mother’s conduct toward Antonio, in the presence of Victoria, demonstrated a fundamental defect in her understanding of the duties of parenthood, such that the Family Court properly determined that the mother derivatively abused Victoria (see Matter of Marino, 100 NY2d at 374).
 

 The record further supports the Family Court’s determination that the mother neglected Antonio and Victoria. The caseworker testified that Antonio and Victoria reported, inter alia, that the mother regularly abused alcohol to the point of intoxication and had threatened to put a knife to their throats (see Family Ct Act § 1012 [f] [i] [B]; Matter of Christy S. v Phonesavanh S., 108 AD3d 1207, 1208 [2013]; Matter of Kathleen K., 66 AD3d 683, 684 [2009]; Matter of Faith J., 47 AD3d 630 [2008]). The children’s out-of-court statements were corroborated by the testimony of the caseworker who interviewed the children and who, during the course of interviewing the mother, smelled alcohol on the mother (see Matter of Jallah J. [George J.], 118 AD3d 1000, 1001 [2014]). Additionally, the caseworker testified that the mother stated that she was not in, and did not need, an alcohol treatment program.
 

 Mastro, J.P., Roman, Miller and Connolly, JJ., concur.