Matter of David B. (Stacy T.) (2019 NY Slip Op 02863)





Matter of David B. (Stacy T.)


2019 NY Slip Op 02863


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-09169 
2018-09170
 (Docket Nos. N-11705-16, N-11706-16)

[*1]In the Matter of David B. (Anonymous). Administration for Children's Services, respondent; Stacy T. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Danielle T. (Anonymous). Administration for Children's Services, respondent; Stacy T. (Anonymous), appellant. (Proceeding No. 2)


Richard Cardinale, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay S. Ng and Janet L. Zaleon of counsel), for respondent.
Lesly J. Lanoix, Jamaica, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Stacy T. appeals from (1) an order of fact-finding of the Family Court, Queens County (Diane Costanzo, J.), dated March 1, 2018, and (2) an order of the same court dated June 27, 2018. The order of fact-finding, after a fact-finding hearing, found that Stacy T. neglected the child Danielle T. and derivatively neglected the child David B. The order dated June 27, 2018, insofar as appealed from, denied Stacy T.'s motion to dismiss the petitions and vacate the findings of neglect and derivative neglect.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated June 27, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10 alleging that Stacy T. (hereinafter the stepfather) neglected the child Danielle T. by inflicting excessive corporal punishment on her and derivatively neglected the child David B. After a fact-finding hearing, the Family Court determined that the stepfather neglected Danielle B. and derivatively neglected David B. Subsequently, the stepfather moved to dismiss the petitions and vacate the findings of neglect and derivative neglect. The court denied the motion. The stepfather appeals.
"In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868; see Family Ct Act § 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). Parents have the right to use reasonable physical force against a child to maintain discipline or promote the child's welfare (see Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 955; Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773). However, "the use of excessive corporal punishment constitutes neglect" (Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 955 [internal quotation marks omitted]; see Matter of Eliora B. [Kennedy B.], 146 AD3d at 773). "A single incident of excessive corporal punishment is sufficient to sustain a finding of neglect" (Matter of Za'Niya D. [Kenneth R.], 133 AD3d 657, 657; see Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 955; Matter of Eliora B. [Kennedy B.], 146 AD3d at 773).
In a child protective proceeding, a child's prior out-of-court statements relating to the alleged neglect may serve as the basis for a finding of neglect "provided that these hearsay statements are corroborated, so as to ensure their reliability" (Matter of Alexis S. [Edward S.], 115 AD3d 866, 866 [internal quotation marks omitted]; see Matter of Samuel W. [Luemay F.], 160 AD3d 755, 756; Matter of Jaivon J. [Patricia D.], 148 AD3d 890, 891). " The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration'" (Matter of Samuel W. [Luemay F.], 160 AD3d at 756, quoting Matter of Christopher L., 19 AD3d 597, 597).
Here, a preponderance of the evidence supports the Family Court's finding that the stepfather neglected Danielle T. by inflicting excessive corporal punishment on her (see Matter of Samuel W. [Luemay F.], 160 AD3d at 756; Matter of Nah-Ki B. [Nakia B.], 143 AD3d 703, 706; Matter of Dalia G. [Frank B.], 128 AD3d 821, 823). Danielle T.'s out-of-court statements that the stepfather pushed her to the ground and choked her were corroborated by the out-of-court statements of David B., who witnessed the incident. Further, although the caseworker did not observe suspicious marks or bruising on Danielle T., she did observe a bandage on Danielle T.'s leg and that Danielle T. was limping on the day after the incident (see Matter of Samuel W. [Luemay F.], 160 AD3d at 756; Matter of Victoria C. [Tara C.], 155 AD3d 866, 866-867). Although the stepfather disputed the allegations, the court's determination that his version of events was not credible is entitled to deference and is supported by the record (see Matter of Samuel W. [Luemay F.], 160 AD3d at 756; Matter of Sarah W. [Barbara G.F.], 122 AD3d 931, 932). The evidence also was sufficient to support the court's finding that David B. was derivatively neglected (see Matter of Samuel W. [Luemay F.], 160 AD3d at 757; Matter of Dalia G. [Frank B.], 128 AD3d at 823; Matter of Jallah J. [George J.], 118 AD3d 1000, 1001).
The stepfather's remaining contention is without merit.
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court