Matter of Jeremiah J. (Selene A. C.) (2019 NY Slip Op 08191)





Matter of Jeremiah J. (Selene A. C.)


2019 NY Slip Op 08191


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-10228
2018-10229
 (Docket Nos. N-23561-16, N-23562-16, N-23563-16)

[*1]In the Matter of Jeremiah J. (Anonymous). Administration for Children's Services, respondent; Selene A. C. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Malachi R. (Anonymous). Administration for Children's Services, respondent; Selene A. C. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Quran C. (Anonymous). Administration for Children's Services, respondent; Selene A. C. (Anonymous), appellant. (Proceeding No. 3.)


Joseph H. Nivin, Forest Hills, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Jamison Davies of counsel), for respondent.
Olga J. Rodriguez, Forest Hills, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Diane Costanzo, J.), dated February 26, 2018, and (2) an order of disposition of the same court dated August 7, 2018. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject children. The order of disposition, after a dispositional hearing, inter alia, placed the mother, upon consent, under the supervision of the Administration for Children's Services for a period of six months under certain terms and conditions.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the mother, upon consent, under the supervision of the Administration for Children's Services for a period of six months under certain terms and conditions is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected Jeremiah J. by inflicting excessive corporal punishment on him and that she neglected Jeremiah J., Malachi R., and Quran C. (hereinafter collectively the subject children) by maintaining her home in an unsafe and unsanitary condition. Following a fact-finding hearing, the Family Court found that the mother neglected Jeremiah F. by inflicting excessive corporal punishment on him and that she neglected the subject children by failing to provide a safe and sanitary home. In an order of disposition, the court, inter alia, placed the mother, upon consent, under the supervision of ACS for a period of six months under certain terms and conditions. The mother appeals from the order of fact-finding and the order of disposition.
The appeal from so much of the order of disposition as placed the mother, upon consent, under ACS supervision for a period of six months must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (see Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953, 954; Matter of Eunice D. [James F.D.], 111 AD3d 627, 628). In any event, that portion of the order of disposition has been rendered academic, as it has expired (see Matter of Justin P. [Damien P.], 148 AD3d 903, 903; Matter of Shaquan A. [Fan Fan A.], 137 AD3d 1119, 1119). However, the appeal from so much of the order of disposition as brings up for review the finding of neglect in the order of fact-finding is not academic, since a finding of neglect constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (see Matter of Justin P. [Damien P.], 148 AD3d at 904; Matter of Ethan B. [Frederick B.], 130 AD3d 816, 817).
"To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 955; see Family Ct Act §§ 1012[f][I]; 1046[b]; Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Harmony H. [Welton H.], 148 AD3d 1019, 1020).
While parents have the right to use reasonable physical force against a child to maintain discipline or promote the child's welfare (see Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 955; Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773), "the use of excessive corporal punishment constitutes neglect" (Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 955 [internal quotation marks omitted]; see Matter of Eliora B. [Kennedy B.], 146 AD3d at 773). "A single incident of excessive corporal punishment is sufficient to sustain a finding of neglect" (Matter of Za'Niya D. [Kenneth R.], 133 AD3d 657, 657; see Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d at 955; Matter of Eliora B. [Kennedy B.], 146 AD3d at 773).
Here, a preponderance of the evidence supports the Family Court's finding that the mother neglected Jeremiah J. by inflicting excessive corporal punishment on him (see Matter of Maya B. [Muke B.], 156 AD3d 784, 786; Matter of Tarelle J. [Walter J.], 152 AD3d 593, 595; Matter of Amparo B.T. [Carlos B.E.], 118 AD3d 809, 811).
Further, contrary to the mother's contention, the Family Court's finding that she neglected the subject children by failing to provide a safe and sanitary home was supported by a preponderance of the evidence. The evidence adduced at the fact-finding hearing established, inter alia, that the mother maintained the subject children's home in an unsafe and unsanitary condition (see Matter of John H.M., 54 AD3d 763, 763; Matter of Paul J., 6 AD3d 709, 710; Matter of Noemi B., 273 AD2d 304, 304).
SCHEINKMAN, P.J., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court