Matter of Vivian M. (Melinda D.) (2020 NY Slip Op 00138)





Matter of Vivian M. (Melinda D.)


2020 NY Slip Op 00138


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-14231
 (Docket No. N-04461/17)

[*1]In the Matter of Vivian M. (Anonymous). Administration for Children's Services, respondent; Melinda D. (Anonymous), appellant.


Helene Chowes, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Eva L. Jerome of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated November 15, 2018. The order of disposition, upon an order of fact-finding of the same court dated October 22, 2018, made after a fact-finding hearing, finding that the mother neglected the subject child, and after a dispositional hearing, inter alia, placed the child in the custody of the Commissioner of Social Services, under the supervision of a foster care agency, with trial discharge to the mother, until completion of the next permanency hearing.
ORDERED that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services under the supervision of a foster care agency, with trial discharge to the mother, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services, under the supervision of a foster care agency, with trial discharge to the mother, until completion of the next permanency hearing must be dismissed as academic because the period of placement has expired (see Matter of Tyler S. [Melissa J.], 103 AD3d 731, 731-732). However, "[t]he adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the [mother's] status in future proceedings" (Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773). Therefore, the appeal from so much of the order of disposition as brings up for review the finding that the mother neglected the child is not academic (see Matter of Tyler S. [Melissa J.], 103 AD3d at 732).
In February 2017, the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the child. After a fact-finding hearing, the Family Court found that the petitioner had established by a preponderance of the evidence that the mother neglected the child. At the fact-finding hearing, the petitioner had presented evidence that the mother became intoxicated one night in February 2017 while caring for the child and engaged in a verbal and physical altercation with another individual in the presence of the child. Following a dispositional hearing, the court, inter alia, placed the mother under the supervision of Graham Windham, a foster care agency affiliated with the petitioner, and required the mother, among other things, to continue counseling and anger management services, to maintain adequate housing, and to refrain from using drugs or alcohol, but nevertheless found that it was in the child's best interests to return the child to the mother on a trial discharge. The mother appeals.
We agree with the Family Court's determination that the mother neglected the child. The evidence adduced at the fact-finding hearing supports the court's determination that, on the date at issue, the mother became intoxicated and engaged in a verbal and physical altercation with a friend in the presence of the child, causing the child to cry during the altercation. In addition, the evidence established that the mother's intoxicated condition on the date at issue caused her to lose her balance and fall while she was holding the child, causing bruising to the child's back and stomach (see Matter of Bianca P. [Theodore A.P.], 94 AD3d 1126, 1126-1127; Matter of Alaysha E. [John R.E.], 94 AD3d 988, 989).
The mother's remaining contention is not properly before this Court.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court