Matter of Samuel A. R. (Soya R.) (2020 NY Slip Op 00144)





Matter of Samuel A. R. (Soya R.)


2020 NY Slip Op 00144


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2017-08402
 (Docket No. N-30635-14)

[*1]In the Matter of Samuel A. R. (Anonymous), appellant. Administration for Children's Services, petitioner-respondent; Soya R. (Anonymous), respondent.


Joan N. G. James, Brooklyn, NY, attorney for the child, the appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Carolyn Walther of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the subject child appeals from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated August 2, 2017. The order of disposition, upon an order of fact-finding of the same court dated May 23, 2017, made after a fact-finding hearing, inter alia, finding that the mother derivatively neglected the subject child, and after a dispositional hearing, released the subject child to the custody of the mother with supervision of a child protective agency, social services official, or duly authorized agency for a period of three months.
ORDERED that the appeal from so much of the order of disposition as released the subject child to the custody of the mother with supervision of a child protective agency, social services official, or duly authorized agency for a period of three months is dismissed as academic, without costs or disbursements, as the subject child has since reached the age of majority (see Matter of Daria S.H.-A. [Yolanda H.], 154 AD3d 669, 670), and the period of supervision has expired (see Matter of Z'naya D.J. [Vanessa J.], 141 AD3d 651); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In December 2014, the petitioner commenced proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the child Hannah T. R. and derivatively neglected the child Samuel A. R. The amended petitions alleged, inter alia, that the mother failed to provide the children with proper supervision and guardianship because she suffered from a mental condition that impaired her ability to care for the children. After a fact-finding hearing, the Family Court found that the mother neglected Hannah and derivatively neglected Samuel on the ground that she suffered from a mental condition that impaired her ability to care for the children. Following a dispositional hearing, the court released Samuel to the custody of the mother with supervision of a child protective agency, social services official, or duly authorized agency for a period of three months. Samuel appeals.
"[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of . . . the respondent" (Family Ct Act § 1046[a][i]). [*2]"There is no per se rule that a finding of abuse or neglect of one sibling requires a finding of derivative abuse or neglect with respect to the other siblings" (Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 784; see Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749; Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694). Rather, "[t]he focus of the inquiry to determine whether a parent derivatively neglected a child (see Family Ct Act § 1046[a][1]) is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood. Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused [or neglected] one child will place his or her other children at substantial risk of harm'" (Matter of Annalise L. [Jalise P.], 170 AD3d 835, 836, quoting Matter of Jahmya J. [Crystal L.J.], 137 AD3d 1132, 1133 [internal quotation marks omitted]; see Matter of Marino S., 100 NY2d 361, 374; Matter of Naphtali A.[Winifred A.], 165 AD3d at 784; Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773-774).
Here, the evidence adduced at the fact-finding hearing established that the mother's verbal abuse of Hannah due to an untreated mental illness demonstrated such an impaired level of parental judgment as to create a substantial risk of harm to Samuel. Hannah testified that the mother threw things at her and instructed her brothers, including Samuel, to hit her when the mother became frustrated with her. According to Hannah, after these proceedings were commenced, the mother told Hannah that Hannah would be placed in a mental institution and raped in the petitioner's custody, told Hannah that the mother would pretend Hannah was dead and burn Hannah's clothes, and threatened to kill Hannah once the case was over. The mother's conduct caused Hannah to fear the mother and her brothers. This evidence sufficiently supported the Family Court's conclusion that the mother derivatively neglected Samuel, as it demonstrated that the mother had such an impaired level of parental judgment as to create a substantial risk of harm to the well-being of Samuel (see Matter of Naphtali A. [Winifred A.], 165 AD3d at 784; Matter of Eliora B. [Kennedy B.], 146 AD3d at 774).
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court