Matter of Khadijah S. (Calondra A.) (2020 NY Slip Op 04842)





Matter of Khadijah S. (Calondra A.)


2020 NY Slip Op 04842


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-02557
 (Docket Nos. N-11580-15, N-11581-15)

[*1]In the Matter of Khadijah S. (Anonymous). Administration for Children's Services, petitioner-respondent; Calondra A. (Anonymous), appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Atiya S. (Anonymous). Administration for Children's Services, petitioner-respondent; Calondra A. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)


Christine Theodore, Spring Valley, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and Julia Bedell of counsel), for petitioner-respondent.
Cheryl Charles-Duval, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Erik S. Pitchal, J.), dated February 20, 2019. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated August 22, 2018, made after a fact-finding hearing, inter alia, finding that the mother derivatively neglected the subject children, and after a dispositional hearing, placed the subject children with their adult sister until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the order of disposition as placed the subject children with their adult sister until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the mother derivatively neglected the subject children by failing to protect two other children, who are now adults, from sexual abuse perpetrated by their stepfather over the course of many years. After a fact-finding hearing, the Family Court found that the mother derivatively neglected the subject children. After a dispositional hearing, the court placed the subject children in the care of their adult sister until the completion of the next permanency hearing. The mother appeals.
The appeal from so much of the order of disposition as placed the subject children in the custody of their adult sister until the completion of the next permanency hearing must be dismissed as academic because the period of placement has expired (see Matter of Vivian M. [Melinda D.], 179 AD3d 692; Matter of Tyler S. [Melissa J.], 103 AD3d 731, 731-732). However, the appeal from so much of the order of disposition as brings up for review the finding of derivative neglect is not academic (see Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773). "The adjudication of [derivative] neglect constitutes a permanent and significant stigma, which might indirectly affect the [mother's] status in future proceedings" (id. at 773; see Matter of Vivian M. [Melinda D.], 179 AD3d 692).
The petitioner had the burden of proving that the mother failed to provide the subject children with proper supervision and guardianship by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i]; 1046[b][i]). The overwhelming evidence that the mother knew of and failed to protect two of her now adult daughters from years of sexual abuse at the hands of their stepfather beginning when they were in their early teens and lasting until their adulthood demonstrated " a fundamental defect in the [mother's] understanding of the duties of parenthood'" (Matter of Andrew B.-L., 43 AD3d 1046, 1047, quoting Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694, 694; see Matter of Annalise L. [Jalise P.], 170 AD3d 835, 836; Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 679). Accordingly, we agree with the Family Court's determination that the mother derivatively neglected the subject children.
The mother's contention that the Family Court improperly credited the petitioner's witness at the fact-finding hearing is without merit. "The Family Court's assessment of credibility of the witnesses is entitled to considerable deference unless clearly unsupported by the record" (Matter of Joseph L. [Cyanne W.], 168 AD3d 1055, 1056; see Matter of Nevaeh L.-B. [Marcus B.], 178 AD3d 706, 707). Here, the court's credibility determination is supported by the record and will not be disturbed on appeal.
The order from a previous, related child protective proceeding attached to the mother's brief is dehors the record and may not be considered on this appeal (see Provenzano v Roslyn Gardens Tenants Corp., 190 AD2d 718, 720).
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court