Matter of Sahyir F. (Jalessa F.) (2023 NY Slip Op 00318)

Matter of Sahyir F. (Jalessa F.)

2023 NY Slip Op 00318

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-03762
2021-03763
2021-03764
2021-07178
 (Docket No. N-30624-16)

[*1]In the Matter of Sahyir F. (Anonymous). Administration for Children's Services, respondent; Jalessa F. (Anonymous), et al., appellants.

Helen Chowes, New York, NY, for appellant Jalessa F.
Diana Kelly, Jamaica, NY, for appellant Sahan F.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr, Elizabeth I. Freedman, and Daniel Matza-Brown of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Jalessa F. appeals from (1) an order of fact-finding of the Family Court, Kings County (Elizabeth Barnett, J.), dated January 17, 2020, (2) an order of disposition of the same court dated January 5, 2021, (3) an order of the same court dated April 6, 2021, and (4) an order of disposition of the same court dated April 6, 2021, and Sahan F. appeals from the order of disposition dated April 6, 2021. The order of fact-finding, after a fact-finding hearing, inter alia, found that Jalessa F. and Sahan F. neglected the subject child. The order of disposition dated January 5, 2021, upon the order of fact-finding and after a dispositional hearing, inter alia, released the subject child to Jalessa F. under the supervision of the Administration for Children's Services for a period of 12 months. The order dated April 6, 2021, insofar as appealed from, denied Jalessa F.'s application pursuant to Family Court Act § 1061 to modify the order of disposition dated January 5, 2021, so as to end the period of supervision. The order of disposition dated April 6, 2021, insofar as appealed from by Jalessa F., upon the other orders and after a dispositional hearing, released the child to Jalessa F. with continued supervision by the Administration for Children's Services. The order of disposition dated April 6, 2021, insofar as appealed from by Sahan F., upon the order of fact-finding and after a dispositional hearing, placed Sahan F. under the supervision of the Administration for Children's Services until January 4, 2022.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated January 5, 2021, and is brought up for review on the appeal from the order of disposition dated April 6, 2021; and it is further,
ORDERED that the appeal from the order of disposition dated January 5, 2021, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated April 6, 2021, insofar as appealed from by Jalessa F.; and it is further,
ORDERED that the appeal from the order dated April 6, 2021, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeal by Jalessa F. from so much of the order of disposition dated April 6, 2021, as released the child to Jalessa F. with continued supervision by the Administration for Children's Services, and the appeal by Sahan F. from so much of the order of disposition dated April 6, 2021, as placed Sahan F. under the supervision of the Administration for Children's Services until January 4, 2022, are dismissed, without costs or disbursements, as the periods of supervision have expired; and it is further,
ORDERED that the order of disposition dated April 6, 2021, is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that Jalessa F. (hereinafter the mother) neglected her son, who was five and seven years old at the relevant times, and that Sahan F. (hereinafter the stepfather) neglected the child when he was five years old by inflicting excessive corporal punishment on him. Following a fact-finding hearing, the Family Court found, among other things, that a preponderance of the evidence demonstrated that the mother and the stepfather neglected the child by inflicting excessive corporal punishment on him. Following a dispositional hearing, in an order of disposition dated January 5, 2021, the court released the child to the mother under the supervision of ACS for a period of 12 months. In an order dated April 6, 2021, the court, inter alia, denied the mother's application pursuant to Family Court Act § 1061 to modify the order of disposition dated January 5, 2021, so as to end the period of supervision. In an order of disposition dated April 6, 2021, the court, among other things, released the child to the mother with continued supervision by ACS, and placed the stepfather under the supervision of ACS until January 4, 2022. The mother and the stepfather appeal.
The mother's contention that the Family Court erred in denying her application pursuant to Family Court Act § 1061 to modify the order of disposition dated January 5, 2021, so as to end the period of supervision has been rendered academic, as the period of supervision has expired (cf. Matter of Osher W. [Moshe W.], 198 AD3d 904, 905-906; Matter of Sha-Naya M.S.C. [Derrick C.], 130 AD3d 719, 720).
Contrary to the mother's and the stepfather's contentions, the Family Court's finding that the child was neglected by them was supported by a preponderance of the evidence (see Family Ct Act § 1046[b][ii]). Family Court Act § 1012(f)(i) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care" by, among other things, "unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment" (id. § 1012[f][i][B]). The child's out-of-court statements were sufficiently corroborated by, inter alia, the testimony of two caseworkers who observed marks and bruises on the child's body, as well as photographs of the child (see id. § 1046[a][vi]; Matter of Paige T. [Kodjo T.], 189 AD3d 563, 564; Matter of Cecile D. [Kassia D.], 189 AD3d 1036, 1039; Matter of Dazire S.G. [Jennifer G.], 188 AD3d 680, 682). Although the mother and the stepfather disputed the allegations, the court's determination that their versions of events lacked credibility is entitled to deference and is supported by the record (see Matter of Dazire S.G. [Jennifer G.], 188 AD3d at 682; Matter of Douglas L. [Cheyanne J.], 147 AD3d 840, 841).
The stepfather's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court