Matter of Alexander S. (Gabriel H.) (2024 NY Slip Op 01013)

Matter of Alexander S. (Gabriel H.)

2024 NY Slip Op 01013

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-03834 
2022-03836
 (Docket Nos. NA-4207-21, N-4208-21, N-4209-21, N-4210-21, N-4211-21, N-4212-21, N-4213-21)

[*1]In the Matter of Alexander S. (Anonymous). Suffolk County Department of Social Services, respondent; Gabriel H. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Jaeda J. (Anonymous). Suffolk County Department of Social Services, respondent; Gabriel H. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Janaya J. (Anonymous). Suffolk County Department of Social Services, respondent; Gabriel H. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Jayden J. (Anonymous). Suffolk County Department of Social Services, respondent; Gabriel H. (Anonymous), appellant. (Proceeding No. 4)
In the Matter of Jaylen J. (Anonymous). Suffolk County Department of Social Services, respondent; Gabriel H. (Anonymous), appellant. (Proceeding No. 5)
In the Matter of Jerome J. (Anonymous). Suffolk County Department of Social Services, respondent; Gabriel H. (Anonymous), appellant. (Proceeding No. 6)
In the Matter of Jeromiah J. (Anonymous). Suffolk County Department of Social Services, respondent; Gabriel H. (Anonymous), appellant. (Proceeding No. 7)

Susan A. DeNatale, Bayport, NY, for appellant.
Dennis Brown, Acting County Attorney, Central Islip, NY (Jacklyn N. Aymong of [*2]counsel), for respondent.
Arza Rayches Feldman, Manhasset, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Gabriel H. appeals from (1) an order of fact-finding of the Family Court, Suffolk County (Caren Loguercio, J.), dated May 9, 2022, and (2) an order of fact-finding and disposition of the same court also dated May 9, 2022. The order of fact-finding, after a fact-finding hearing, found that Gabriel H. abused and neglected the child Jayden J. and derivatively neglected the children Alexander S., Jaeda J., Janaya J., Jaylen J., Jerome J., and Jeromiah J. The order of fact-finding and disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed Gabriel H. under the supervision of the Suffolk County Department of Social Services until May 8, 2023.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of fact-finding and disposition and is brought up for review on the appeal from the order of fact-finding and disposition; and it is further,
ORDERED that the appeal from so much of the order of fact-finding and disposition as placed Gabriel H. under the supervision of the Suffolk County Department of Social Services until May 8, 2023, is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
Six-year-old Jayden J. was observed in school with bruises and lacerations on his back. The petitioner, Suffolk County Department of Social Services, filed a petition alleging abuse and neglect of Jayden J. and petitions alleging derivative neglect of his six siblings against the mother and her live-in boyfriend, Gabriel H. The mother subsequently admitted to the use of excessive corporal punishment in the past, and the Family Court found that the mother neglected the children. The petitions against Gabriel H. proceeded to a fact-finding hearing, after which the court found that Gabriel H. abused and neglected Jayden J. by inflicting excessive corporal punishment on him and derivatively neglected Jayden J.'s six siblings. After a dispositional hearing, the court, inter alia, placed Gabriel H. under the petitioner's supervision until May 8, 2023. Gabriel H. appeals.
The appeal from so much of the order of fact-finding and disposition as placed Gabriel H. under the petitioner's supervision until May 8, 2023, has been rendered academic, since the period of supervision has expired by its own terms (see Matter of Davasha T. [David T.], 218 AD3d 475). Nevertheless, the Family Court's findings of abuse, neglect, and derivative neglect against Gabriel H. are not academic, since such adjudications constitute permanent and significant stigmas which might indirectly affect his status in future proceedings (see Matter of Kaylarose J.H. [Rena R.D.], 160 AD3d 953).
Family Court Act § 1046(a)(ii) provides that "proof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child shall be prima facie evidence of child abuse or neglect, as the case may be, of the parent or other person legally responsible." Furthermore, "[g]reat deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Skye H. [Tianna S.], 195 AD3d 711, 713). The court's credibility determinations are entitled to considerable deference unless clearly unsupported by the record (see Matter of Angela-Marie C. [Renee C.], 162 AD3d 1010).
Here, contrary to the contentions of Gabriel H., the Family Court providently exercised its discretion (see Matter of Nicole V., 71 NY2d 112, 119; Matter of Victoria C. [Tara C.], 155 AD3d 866) in determining that the out-of-court statements of the children Jaylen J. and [*3]Alexander S. were sufficiently corroborated (see Family Ct Act § 1046[a][vi]; Matter of David H. [Octavia P.], 127 AD3d 1084). "Corroboration means any other evidence tending to support the reliability of the previous statements" (Matter of Grace M. [Leighton M.], 180 AD3d 912, 914 [internal quotation marks omitted]). Siblings' out-of-court statements may cross-corroborate each other when they independently and consistently describe similar incidents of abuse or neglect (see Matter of Alven V. [Ketly M.], 194 AD3d 725). Here, the court properly found that any inconsistencies in the out-of-court statements of Jaylen J. and Alexander S. did not render their statements unworthy of belief (see Matter of D.S. [Shaqueina W.], 147 AD3d 856). The court properly concluded that those children's statements were sufficiently cross-corroborated. The statements of Jaylen J. and Alexander S. were also corroborated by the testimony of the caseworker and the two detectives who observed that Jayden J.'s injuries were consistent with being hit with a belt (see Matter of Hayden C. [Tafari C.], 130 AD3d 924) and by photographs of Jayden J.'s injuries that were admitted into evidence (see Matter of Sahyir F. [Jalessa F.], 212 AD3d 808; Matter of Samuel W. [Luemay F.], 160 AD3d 755).
Therefore, a preponderance of the evidence (see Family Ct Act § 1046[b][i]) at the fact-finding hearing supported the Family Court's finding of abuse, as the evidence demonstrated that Gabriel H. inflicted physical injury by other than accidental means upon Jayden J., which created a substantial risk of serious injury (see id. § 1012[e][i]; Matter of Jonah B. [Ferida B.], 165 AD3d 787).
The Family Court's finding of neglect was also supported by a preponderance of the evidence. The evidence demonstrated that Jayden J.'s "physical, mental or emotional condition ha[d] been impaired or [was] in imminent danger of becoming impaired as a result of the failure of . . . [a] person legally responsible for his care to exercise a minimum degree of care . . . in providing [him] with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment" (Family Ct Act § 1012[f][i][B]). "Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 773 [internal quotation marks omitted]). "[A] single incident of excessive corporal punishment may suffice to sustain a finding of neglect" (Matter of Grace M. [Leighton M.], 180 AD3d at 913 [internal quotation marks omitted]), and striking a child repeatedly with a belt can constitute excessive corporal punishment supporting a finding of neglect (see Matter of Gary J. [Engerys J.], 154 AD3d 939; Matter of Nurridin B. [Lousis J.], 116 AD3d 770).
As the petitioner established, prima facie, that Gabriel H. abused and neglected Jayden J., the burden shifted to Gabriel H. to rebut the evidence of abuse and neglect by presenting a reasonable and adequate explanation for Jayden J.'s injuries (see Matter of Philip M., 82 NY2d 238, 244; Matter of Jonah B. [Ferida B.], 165 AD3d 787). Gabriel H. offered no explanation as to how Jayden J.'s injuries occurred, simply denying knowledge of those injuries and stating that he was not present when Jayden J. was injured. Gabriel H. therefore failed to rebut the petitioner's prima facie showing of abuse and neglect.
The Family Court also properly found that Jayden J.'s six siblings were derivatively neglected by Gabriel H. "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). When a person's conduct towards one child demonstrates a fundamental defect in their understanding of the duties of parenthood or such an impaired level of parental judgment so as to create a substantial risk of harm for any child in their care, an adjudication of derivative neglect with respect to the other children is warranted (see Matter of Iris G. [Angel G.], 144 AD3d 908). Such flawed notions of parental responsibility are generally reliable indicators that a person who has abused or neglected one child will place their other children at substantial risk of harm (see Matter of Samuel A.R. [Soya R.], 179 AD3d 702, 703).
Here, Gabriel H.'s abuse and neglect of Jayden J. evinced a flawed understanding of his duties as a person legally responsible for a child and impaired judgment sufficient to support a finding of derivative neglect as to the other children (see Matter of Isabella D. [David D.], 145 [*4]AD3d 1003). Evidence that Jaylen J. and Alexander S. witnessed Jayden J. being hit with a belt further supported a finding of derivative neglect (see Matter of Rahmel G. [Carlene G.], 201 AD3d 567). Therefore, striking Jayden J. with a belt, which constituted excessive corporal punishment under the circumstances, warranted a finding of derivative neglect as to the other children for which Gabriel H. was legally responsible (see Matter of Gary J. [Engerys J.], 154 AD3d 939; Matter of Matthew M. [Fatima M.], 109 AD3d 472). In the absence of evidence that the circumstances giving rise to the abuse or neglect of Jayden J. no longer existed, a finding of derivative neglect as to Jayden J.'s six siblings was proper (see Matter of Faith A.M. [Faith M.], 191 AD3d 884).
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court