Matter of Winter D. (Rueben D.) (2025 NY Slip Op 06859)

Matter of Winter D. (Rueben D.)

2025 NY Slip Op 06859

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-08619
 (Docket No. N-14570-23)

[*1]In the Matter of Winter D. (Anonymous). Administration for Children's Services, respondent; Rueben D. (Anonymous), appellant.

Marion C. Perry, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Janet L. Zaleon and Melanie T. West of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Zoe Allen of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Kings County (Jessica Sin, J.), dated July 12, 2024. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
In July 2023, the Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the subject child by failing to provide the child with proper supervision or guardianship "by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof," in that the father inflicted excessive corporal punishment on the child. In an order of fact-finding dated July 12, 2024, after a fact-finding hearing, the Family Court found that the father neglected the child. The father appeals.
"In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected" (Matter of Shayla G. [Lakisha C.], 233 AD3d 682, 684 [internal quotation marks omitted]; see Family Ct Act
§ 1046[b][i]; Matter of Andrew M. [Brenda M.], 225 AD3d 764, 765). "To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Shayla G. [Lakisha C.], 233 AD3d at 684 [internal quotation marks omitted]; see Family Ct Act § 1012[f][i][B]; Nicholson v Scoppetta, 3 NY3d 357, 368).
"Although parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Veronica M. [Ana M.], 229 AD3d 626, 627 [internal quotation marks omitted]; see Matter of Malik M. [Taishona M.], 236 AD3d 1034, 1036). "Even a single incident of excessive corporal punishment may suffice to sustain a finding of neglect" [*2](Matter of Joshua T. [Kenisha T.], 196 AD3d 491, 492; see Matter of Moshae L. [Angela J.], 237 AD3d 821, 823). In neglect proceedings, "[u]nsworn out-of-court statements of the [child] may be received and, if properly corroborated, will support a finding of abuse or neglect" (Matter of Nicole V., 71 NY2d 112, 117-118; see Matter of Mariliz G. [Jamie G.], 207 AD3d 627, 629). The child's statements may be corroborated by "[a]ny other evidence tending to support" their reliability (Family Ct Act § 1046[a][vi]; see Matter of Nicole V., 71 NY2d at 118; Matter of Mariliz G. [Jamie G.], 207 AD3d at 629). "The observation of bruises or injuries on a child can corroborate a child's out-of-court statements" (Matter of Joshua B., 28 AD3d 759, 761; see Family Ct Act § 1046[a][ii], [vi]). "In article 10 proceedings, the Family Court has considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse" or neglect (Matter of Janiyah S. [Pedro H.], 226 AD3d 909, 911 [internal quotation marks omitted]; see Matter of Nicole V., 71 NY2d at 119). Moreover, "[w]here the Family Court is primarily confronted with issues of credibility, its factual findings should be accorded considerable deference on appeal" (Matter of Janiyah S. [Pedro H.], 226 AD3d at 911; see Matter of Shayla G. [Lakisha C.], 233 AD3d at 684).
Here, the Family Court properly determined that ACS established by a preponderance of the evidence that the father neglected the child by inflicting excessive corporal punishment on her (see Matter of Mariliz G. [Jamie G.], 207 AD3d at 629). Deferring to the court's credibility findings, which are supported by the record, the evidence at the fact-finding hearing established that the father hit the child with a boot, leaving a mark on the child's right arm that was visible to an ACS caseworker (see Matter of Moshae L. [Angela J.], 237 AD3d at 823-824; Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d 806, 807; Matter of Sahyir F. [Jalessa F.], 212 AD3d 808, 810). Contrary to the father's contention, the child's out-of-court statements were sufficiently corroborated by the observations of the ACS caseworker (see Matter of Zaria P. [Sade G.], 240 AD3d 699, 701; Matter of Sahyir F. [Jalessa F.], 212 AD3d at 810; Matter of Mariliz G. [Jamie G.], 207 AD3d at 629).
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court